### GUGGENHEIM v. GOLDBERGER et al.

(City Court of New York, General Term. February 8, 1894.)

ACTION ON NOTE—AVERMENT ADMITTED BY FAILURE TO DENY.

In an action on a note, failure of defendant to deny that the note was transferred to plaintiff "for value," as alleged in the complaint, is not an admission thereof, as such averment in the complaint was not necessary.

Appeal from trial term.

Action by Meyer Guggenheim against Samuel Goldberger and Samuel Kotler, on a bank check drawn by defendant Goldberger, to the order of defendant Kotler, for $100, indorsed by Kotler, and delivered to plaintiff. Defendant Goldberger answered "that the check in the complaint mentioned was made by him at the solicitation of defendant Kotler and the plaintiff herein on the 24th day of September, 1892, dated September 30, 1892, and was made without any consideration received by him therefor, and delivered to the defendant Kotler without consideration, who thereupon indorsed the same, and delivered the same to the plaintiff without consideration, and that the plaintiff received said check with full knowledge that said check was made for the accommodation of the said defendant Kotler and the plaintiff herein; that the defendant Kotler should furnish the money to this defendant before the 30th day of September, 1892, for the purpose of depositing the same in the bank where the said check was made payable, wherewith the same bank should pay said check;" and "that the defendant Kotler failed to furnish or deliver the amount of said check, or any part thereof, to this defendant, as agreed upon, and therefore defendant refused to pay said

check." Defendant Kotler did not appear or answer. There was a judgment in favor of defendant Goldberger, and plaintiff appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS, J.

Erdman, Levy & Mayer, for appellant.

H. Fox, for respondent.

EHRLICH, C. J. The words "for value" were not a necessary averment in the complaint, for the legal presumption supplied the inference; hence the failure to deny was in that respect immaterial, and the facts alleged show that there was no intention to admit a transfer for value. Indeed, the issue was that the check was given at the solicitation and for the accommodation of the plaintiff, without any consideration, and the jury so found. Upon such an issue and finding the cases cited by the appellant have no relevancy, and the judgment must be affirmed, with costs.